UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

ISMAEL H. PADILLA,
    *Plaintiff*,

v.

CITY, TOWN, OR MUNICIPALITY OF
DALLAS CO., TEXAS, HENRY WADE, *Ex-District Attorney*, and GREG ABBOTT,
*Governor of Texas*,
    *Defendants*.

No. 3:19-cv-1115 (VAB)

**INITIAL REVIEW ORDER**

Ismael H. Padilla ("Plaintiff"), currently incarcerated by the State of Texas at the John B. Connally Unit in Kenedy, Texas, filed this lawsuit under 42 U.S.C. § 1983, challenging various alleged violations of his civil and constitutional rights arising from his alleged arrest for misdemeanor marijuana possession in the State of Texas on July 21, 1977. Complaint, dated Jul. 19, 2019 ("Compl."), ECF No. 1.

For the reasons explained below, the Court **DISMISSES** this action for improper venue, with prejudice to refiling in this District. Accordingly, Mr. Padilla's motion for leave to proceed *in forma pauperis*, ECF No. 2, is **DENIED** as moot.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

On July 12, 2019, one week before this lawsuit, the Court dismissed four civil rights lawsuits filed by Mr. Padilla, and transferred one other lawsuit he filed, finding that all five actions were filed in the wrong venue. *See* Initial Review Order, *Padilla v. Abbott*, No. 3:19-cv-57 (VAB), dated Jul. 12, 2019 ("*Padilla v. Abbott* IRO"), ECF No. 20, at 10–11 (dismissing Case Nos. 3:19-cv-57 (VAB), 3:19-cv-231 (VAB), 3:19-cv-282 (VAB), and 3:19-cv-594 (VAB), and transferring Case No. 3:19-cv-434 (VAB) to the Western District of Texas).

On July 19, 2019, Mr. Padilla filed this lawsuit, suing the City, Town, or Municipality of Dallas Co., Texas, Ex-District Attorney Henry Wade, and Texas Governor Greg Abbott ("Defendants") for alleged violations of his civil and constitutional rights. *See* Compl. Mr. Padilla alleges, *inter alia*, that (1) he was arrested for misdemeanor marijuana possession in the State of Texas on July 21, 1977, when he was 17 years old; (2) that Mr. Wade "conspired" with an attorney for Dallas County to extend court dates, prosecute him as an adult, and to later prosecute him for "fabricated" rape and robbery charges; and (3) that the Governor of Texas "failed to control the conduct of state employees" in Texas state courts. *Id.* at 3–4.

Mr. Padilla further appears to allege, in a memorandum of law simultaneously filed with the Complaint, that the misdemeanor marijuana conviction resulted in an unlawfully enhanced sentence on his subsequent convictions for aggravated rape and robbery in 1983. *See* Memorandum of Law Brief, dated Jul. 19, 2019 ("Pl's Mem."), ECF No. 3, at 2.

That same day, Mr. Padilla moved for leave to proceed *in forma pauperis* in this action. Motion for Leave to Proceed *In Forma Pauperis*, dated Jul. 19, 2019 ("IFP Mot."), ECF No. 2.

## II.  STANDARD OF REVIEW

Under 28 U.S.C. § 1915A(b), district courts must review prisoners' civil complaints against governmental actors and *sua sponte* "dismiss . . . any portion of [a] complaint [that] is frivolous, malicious, or fails to state a claim upon which relief may be granted," or that "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see also Liner v. Goord*, 196 F.3d 132, 134 & n.1 (2d Cir. 1999) (explaining that, under the Prisoner Litigation Reform Act, *sua sponte* dismissal of frivolous prisoner complaints is mandatory); *Tapia-Ortiz v. Winter*, 185 F.3d 8, 11 (2d Cir. 1999) ("Section 1915A requires that a district court screen a civil complaint brought by a prisoner against a governmental entity or its agents

and dismiss the complaint *sua sponte* if, *inter alia,* the complaint is 'frivolous, malicious, or fails to state a claim upon which relief may be granted.'") (quoting 28 U.S.C. § 1915A).

As part of this review, district courts regularly assess whether prisoners have adequately pleaded that their claims were filed in an appropriate venue, and routinely dismiss or transfer claims filed in the wrong venue. *See, e.g.*, *Fominas v. McCarthy*, 165 F.3d 13 (table), 1998 WL 802054, at *1 (2d Cir. 1998) (summary order) (noting that district court had dismissed claims in part on ground "that they were brought in the wrong district and did not merit a transfer of venue."); *Teaque v. Dep't of Corr. City of N.Y.*, No. 18-CV-3751 (PKC)(LB), 2018 WL 3442642, at *3 (E.D.N.Y. Jul. 17, 2018) (dismissing claim, under 28 U.S.C. § 1915A and 28 U.S.C. § 1406(a), concerning denial of medical care at out-of-district correctional facility as filed in wrong venue, without prejudice to refiling in the proper venue); *Lewis v. Garcia*, No. 14-CV-3499 (ARR), 2014 WL 3858394, at *2 (E.D.N.Y. Aug. 4, 2014) (dismissing complaint, under 28 U.S.C. § 1915A, and providing that plaintiff may not include in amended complaint any claims pertaining to events for which venue is improper); *Montgomery v. United States*, No. 9:12-CV-527 (MAD/TWD), 2013 WL 938039, at *4 n.14 (N.D.N.Y. Mar. 11, 2013) (dismissing complaint from South Carolina prisoners as frivolous and finding that dismissal also warranted because prisoners "have not made any showing that venue is proper in this District, nor does it appear that it would be in the 'interest of justice' to transfer the case to any other court."); *Cohen v. Holder*, No. 11-CV-3 (ARR)(LB), 2011 WL 809773, at *3 (E.D.N.Y. Mar. 1, 2011) (determining claims arising from incarceration in Kentucky were filed in wrong venue and transferring them to the Eastern District of Kentucky).

### III. DISCUSSION

28 U.S.C. § 1391 governs venue for all civil actions filed in federal district courts. Under

that statute, a civil action may be brought in the judicial district in which any defendant resides or is subject to the court's personal jurisdiction, or in the judicial district in which a substantial part of the events giving rise to the action occurred. 28 U.S.C. § 1391(b).

"[V]enue is proper so long as the requirements of § 1391(b) are met . . . . " *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Tex.*, 571 U.S. 49, 55 (2013). But "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

"Whether venue is 'wrong' . . . depends exclusively on whether the court in which the case was brought satisfies the requirements of federal venue laws[.]" *Atl. Marine*, 571 U.S. at 55. Whether venue is "wrong" therefore is "generally governed by 28 U.S.C. § 1391[.]" *Id.*

This Court is the wrong venue for this action because: (1) none of the Defendants are alleged to reside in the District of Connecticut; (2) none of the events or omissions giving rise to Mr. Padilla's claims—let alone any "substantial part" of them—are alleged to have occurred in the District of Connecticut; and (3) no facts have been pleaded indicating that any of the Defendants are subject to this Court's personal jurisdiction, insofar as it has not been alleged that any Defendants have any contacts with the State of Connecticut or transact business with or in Connecticut.[1] *See* 28 U.S.C. § 1391(b)(1)–(3); *see also Gulf Ins. Co. v. Glasbrenner*, 417 F.3d 353, 356–57 (2d Cir. 2005) (recognizing that while 28 U.S.C. § 1391(b)(2) permits venue in

---

[1] To determine whether a court has personal jurisdiction over the defendants in a civil rights action, the Court conducts a two-part analysis. *Chloe v. Queen Bee of Beverly Hills, LLC*, 616 F.3d 158, 163 (2d Cir. 2010). The Court first must determine whether the Connecticut long-arm statute permits jurisdiction and, if it does, the court must determine whether exercising personal jurisdiction would comport with due process. *Id.* at 163–64. The Connecticut long-arm statute provides jurisdiction over a defendant if that defendant transacted business in Connecticut; committed a tortious act in Connecticut; committed a tortious act outside the state causing injury to persons or property within Connecticut; or owns, uses, or possesses real property located in Connecticut. *See* CONN. GEN. STAT. § 52-59b(a). Mr. Padilla alleges no facts suggesting that the Court could exercise personal jurisdiction over any defendant under this long-arm statute.

multiple judicial districts as long as a substantial part of the underlying events occurred in those districts, district courts must take seriously the adjective "substantial" and are "required to construe the venue statute strictly"); *see also Padilla v. Abbott* IRO at 5–7.

After finding that venue is wrong, "[w]hether dismissal or transfer is appropriate lies within the sound discretion of the district court." *Minnette v. Time Warner*, 997 F.2d 1023, 1026 (2d Cir. 1993); *see also Daniel v. Am. Bd. of Emergency Med.*, 428 F.3d 408, 435–36 (2d Cir. 2005) ("Courts enjoy considerable discretion in deciding whether to transfer a case in the interest of justice.") (citation omitted).

That discretion is somewhat circumscribed, however, where district courts consider the issue of dismissal based on improper venue *sua sponte*. *See Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 796 (2d Cir. 2009) ("A district court may not dismiss a case *sua sponte* for improper venue absent extraordinary circumstances.") (citing *Concession Consultants, Inc. v. Mirisch*, 355 F.2d 369, 371 (2d Cir. 1966); *Stich v. Rehnquist*, 982 F.2d 88, 88–89 (2d Cir. 1992) (per curiam)).

But the Second Circuit has found such extraordinary circumstances presented, and affirmed *sua sponte* dismissals for improper venue, where: (1) neither the parties nor the activities alleged have any relation to the district in which the case is filed; (2) all discernible factual allegations involve events occurring outside the district; (3) the allegations duplicated those brought in other districts; and (4) where the plaintiff had been found by other courts to be a vexatious litigant and had imposed limits on his or her right to file new lawsuits. *Stich*, 982 F.2d at 88–89 (finding under these circumstances that "the case presented appropriate circumstances for the court's exercise of its power to dismiss on that ground *sua sponte*."); *see also Harris v. Case*, No. 6:13-CV-1491, 2014 WL 2116987, at *3 (N.D.N.Y. May 20, 2014) ("Extraordinary

5

circumstances may exist when the plaintiff is a vexatious litigant. This court finds, as discussed below, that this plaintiff's case presents sufficient extraordinary circumstances, justifying *sua sponte* dismissal because the action is frivolous.") (citing *Stich*, 982 F.2d at 89); *Martinez v. California*, 2012 U.S. Dist. LEXIS 149822, at *3–4 (D. Vt. Aug. 14, 2012) ("In this case, Martinez's claims all arose in the State of California, and Defendants are within that state . . . . Accordingly, the court should find that this case does not present the sort of 'extraordinary circumstances' required for a *sua sponte* dismissal, and that a transfer is warranted.") (citing *Stich*, 982 F.2d at 88–89). That is the case here.

In addition to the issues raised above regarding the inappropriateness of this Court as a venue, Mr. Padilla is subject to the "three strikes" provision of 28 U.S.C. § 1915(g) and is unable to pursue further actions under 42 U.S.C. § 1983, absent allegations of "imminent danger of serious physical injury." *Akassy v. Hardy*, 887 F.3d 91, 93 (2d Cir. 2018) ("'[T]he PLRA contains a "three-strikes" rule that bars prisoners from proceeding IFP if they have a history of filing frivolous or malicious lawsuits,' with an exception provided for a prisoner who is in imminent danger of serious physical injury.") (quoting *Pettus v. Morgenthau*, 554 F.3d 293, 296 (2d Cir. 2009)).

Both the Northern District of Texas and the Fifth Circuit Court of Appeals have repeatedly recognized that Mr. Padilla is subject to this rule. *See, e.g.*, *Padilla v. Pride-Richardson*, 533 F. App'x 442, 442–43 (5th Cir. 2013) (*per curiam*) ("As we recognized on November 6, 2012, Padilla has accumulated at least three strikes for purposes of 28 U.S.C. § 1915(g)") (citing *Padilla v. Watkins*, 491 F. App'x 484, 485 (5th Cir. 2012) ("The district court's dismissal of Padilla's complaint and this court's dismissal of his appeal both count as strikes for purposes of 28 U.S.C. § 1915(g). . . . Padilla previously accumulated at least one

strike and has now, therefore, accumulated at least three strikes.") (citing *Padilla v. Jenkins,* No. 3:11-CV-3509-M-BH, 2012 WL 1174835 (N.D. Tex. Apr. 9, 2012)).

On November 2, 2015, the Fifth Circuit noted that it had "previously sanctioned [Mr.] Padilla and warned him that submitting frivolous or repetitive filings challenging his convictions and sentences would subject him to sanctions, and those sanctions remain in effect." *Padilla v. Stephens*, 621 F. App'x 291, 292 (5th Cir. 2015) (per curiam). The Fifth Circuit also warned him that "any future frivolous or repetitive filings in this court or any court subject to this court's jurisdiction will subject him to additional sanctions." *Id.*

On September 5, 2018, the Fifth Circuit explained that Mr. Padilla's "repeated, unsuccessful efforts to attack his convictions have resulted in the imposition of sanctions by this court totaling $700," and that he is currently "barred from filing in this court or any court subject to this court's jurisdiction any pleadings that challenge his convictions until those sanctions are paid in full unless he first obtains leave of the court in which he seeks to file his pleadings." *In re Padilla*, No. 18-90018 (5th Cir. Sept. 5, 2018) (collecting cases) (cited in *Padilla v. United States*, No. 3:19-cv-587-C-BN, 2019 WL 1559588, at *1 (N.D. Tex. Mar. 19, 2019)).

Accordingly, and for similar reasons as articulated in the Court's Initial Review Order with respect to Case Nos. 3:19-cv-57 (VAB), 3:19-cv-231 (VAB), 3:19-cv-282 (VAB), and 3:19-cv-594 (VAB), *see Padilla v. Abbott* IRO at 7–9, the Court concludes that this case presents the sort of extraordinary circumstances under which *sua sponte* dismissal for improper venue is appropriate. The alternative—transfer to the appropriate district—would likely be futile because: (1) Mr. Padilla has accumulated three strikes, and presents no allegations regarding imminent danger of serious physical injury, [2] unlike the action the Court transferred to the Western District

---

[2] As Mr. Padilla has accumulated three strikes for purposes of 28 U.S.C. § 1915(g), he may not proceed *in forma pauperis* unless it is apparent that, at the time of the filing of the complaint, a serious physical injury to Mr. Padilla

7

of Texas, *see Padilla v. Abbott* IRO at 10; (2) Mr. Padilla is enjoined from filing in any court within the Fifth Circuit "any pleadings that challenge his convictions" for aggravated rape and robbery, and these pleadings, liberally construed to raise the strongest argument they suggest, appear designed to ultimately set up a new challenge to those convictions, *see* Pl.'s Mem. at 2; and (3) claims arising out of an arrest that allegedly occurred forty-two years ago are likely barred by the statute of limitations, *see Padilla v. Pride-Richardson*, No. 3:12-cv-0486-B, 2012 WL 12877946, at *2 (N.D. Tex. Mar. 13, 2012) (noting, in recommending dismissing Mr. Padilla's 2012 challenge to a conviction for aggravated robbery in 1983, that "[i]n Texas, a civil rights action brought under 42 U.S.C. § 1983 is governed by a two-year statute of limitations.") (citation omitted), *report and recommendation adopted*, 2012 WL 12877948 (N.D. Tex. Apr. 12, 2012).

## IV. CONCLUSION

For the reasons explained above, the Court **DISMISSES** this action, with prejudice to refiling in this District. Accordingly, Mr. Padilla's motion for leave to proceed *in forma pauperis* is **DENIED** as moot.

The Clerk of the Court is respectfully directed to close this case.

**SO ORDERED** at Bridgeport, Connecticut, this 9th day of August, 2019.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE

---

was imminent. *See* 28 U.S.C. § 1915(g) ("In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."); *Pride-Richardson,* 533 F. App'x at 442–43 (recognizing that "Padilla has accumulated at least three strikes for purposes of 28 U.S.C. § 1915(g)" and "reiterat[ing] that Padilla is barred from proceeding IFP in any civil action or appeal filed in a court of the United States while he is incarcerated or detained in any facility unless he 'is under imminent danger of serious physical injury'").